**UNITED STATES of America,**
**Appellee,**

v.

**David Estel OWEN, Appellant.**

**No. 71–2753.**

United States Court of Appeals,
Ninth Circuit.

Feb. 3, 1972.

Rehearing Denied March 21, 1972.

Charles V. Elliott, of Elliott & Davis, Portland, Or., for appellant.

Sidney I. Kezak, U. S. Atty., William B. Borgeson, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

David Estel Owen appeals from his conviction, after a non-jury trial, on one count of knowingly receiving, concealing and storing stolen securities which had moved in interstate commerce, in violation of 18 U.S.C. § 2315, and on five counts of aiding and abetting a forgery of the securities, in violation of 18 U.S. C. §§ 495 and 2. We affirm.

Owen and two others, Jackson M. Albert and Walter Elton Morgan, were named in the six counts of the indictment. On the five forgery counts, the grand jury named Albert as the forger and Owen and Morgan as aiders and abetters. The securities in question consisted of United States Series H Savings Bonds of the value of approximately one hundred and one thousand dollars, which had been stolen from Edward Kambitsch in Genesee, Idaho. The receiving, concealing, storing and forgeries were alleged to have occurred in Portland, Oregon. Albert was dismissed from the case upon his offer to plead guilty, and Morgan was acquitted.

Owen challenges the sufficiency of the evidence to support the finding that he was guilty on these charges. Viewing the evidence in the light most favorable to the Government, we conclude that the evidence of guilt was ample.

Owen also contends that the trial court erred in permitting Albert to re-

main in the courtroom and to hear the testimony of other witnesses before he was called to the witness stand, after Albert had been dismissed from the case upon his offer to plead guilty. Owen made no objection to this ruling at the trial and we are not convinced that the ruling amounted to "plain error" under Rule 52(b), Federal Rules of Criminal Procedure.

Affirmed.